UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTHONY L TROUPE,

          Petitioner,

   v.                                         Case No. 23-cv-0246-bhl

JUDGE MARTINEZ and JOHNSON,

          Respondents.

**SCREENING ORDER**

On February 21, 2023, Anthony Troupe filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 along with a motion for leave to proceed without prepayment of the filing fee. (ECF Nos. 1 & 2.)  Rule 4 of the Rules Governing §2254 requires the Court to screen Troupe's petition.  Rule 4 provides:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing §2254 Cases.  During its initial review of a habeas petition, the Court examines whether the petitioner has set forth cognizable constitutional or federal law claims and tries to confirm that those claims have been exhausted in state court.  Because Troupe's petition fails to clear this basic hurdle, it will be dismissed.

Troupe used the approved habeas form for a Section 2254 petition filed by a person in state custody.  But the information on the form is largely incoherent, rambling, and hard to follow.  He contends he is challenging a judgment of conviction from the Racine County Circuit Court stemming from three different cases:  19CM1221, 19CM1877, and 21CM155.  (ECF No. 1 at 2.) He confusingly lists his date of conviction as "ongoing" and his date of sentencing as "6-17-2021." (*Id.*)  When asked to describe the length of his sentence, he cryptically offers "[i]ndefinate via

revocation (no sentence with st." (*Id.*)[1] The portion of the form in which Troupe must confirm he has exhausted his avenues for state court relief is equally confusing. In describing the grounds for his direct state court appeal, Troupe says "non-filing of misdemeanor speedy trial during custody on disorder[l]y conduct, acted by William Demet as counsel" and "[n]on filings of clerk as pictured." (ECF No. 1 at 3.) With respect to his efforts to obtain state post-conviction relief other than direct appeal, he states his grounds for relief were "[h]omelessness, blackball of trade, filings of pro beaten cases after 18CF448 (battery to officer) followed by carried out threats."[2] (*Id.* at 4.) As grounds for his federal habeas petition, he asserts that his grounds for relief are to protect litigants who pursue civil rights claims, to update the Prison Litigation Reform Act, and Section 1331 "'[f]ederal jurisdiction over states' for product of federal cases." (*Id.* at 6–8.)

Troupe's petition must be dismissed because it does not assert a plausible habeas claim. A petition for habeas relief under Section 2254 is "restrict[ed]…to cases in which the state-court determination 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.'" *Fieldman v. Brannon*, 969 F.3d 792, 800 (7th Cir. 2020) (quoting 28 U.S.C. § 2254(d)(1)). Troupe's grounds for relief do not identify any unreasonable application of federal law. His petition is also defective because Troupe does not appear to have exhausted his state court remedies. No part of his filing suggests that he raised the issues in his habeas petition previously at any level of the state court system, let alone "each and every level." *See Lewis v. Sternes*, 390 F.3d 1019, 1025–26 (7th Cir. 2004).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Anthony Troupe's petition for a writ of habeas corpus, ECF No. 1, is **DISMISSED without prejudice**.

Dated at Milwaukee, Wisconsin on April 10, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

[1] Online state court records confirm the existence of Troupe's state court cases. *See State v. Troupe*, Case Nos. 19CM1221, 19CM1877, 21CM155 (Racine County Circuit Court); all available at https://wcca.wi.wicourts.gov. The records show he was convicted by jury trial in all three cases on May 11 and 12, 2021.
[2] There is no record of case number 18CF448 assigned to Troupe in any county, or any 18CF448 case in Milwaukee County or Racine County Circuit Court.