UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTHONY L TROUPE,

          Petitioner,

v.                                                              Case No. 23-cv-0246-bhl

JUDGE MARTINEZ and JOHNSON,

          Respondents.

## ORDER

        On February 21, 2023, Anthony Troupe filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 along with a motion for leave to proceed without prepayment of the filing fee. (ECF Nos. 1 & 2.) The Court dismissed his petition without prejudice on April 10, 2023 because it did not assert a plausible habeas claim and he did not raise the issues previously at any level of the state court system. (ECF No. 7.)

        Troupe has since filed a motion to amend the Court's April 10th Order. (ECF No. 9.) In his motion, Troupe notes that he requested a change of judge because he had previously shown his indigency to another judge. (*Id.*) He also requested the Court review his state cases. (*Id.*) Troupe separately submitted partial docket text from a state court criminal case, 2022CF002539, in Milwaukee County. (ECF No. 10.)

        Troupe's motion, like his petition for habeas relief, is difficult to follow. The Court will interpret it as a motion for reconsideration which is governed by Federal Rule of Civil Procedure 60(b). On motion and just terms, the Court may relieve a party from a final judgment for any reason that may justify relief. Fed. R. Civ. P. 60(b)(6). Rule 60(b) sets forth six grounds on which a party may seek relief from an order, and of these grounds, only the sixth, a catch-all, possibly applies to the pending motion. Typically, Rule 60(b) motions "must be shaped to the specific grounds for modification or reversal listed in Rule 60(b)—they cannot be general pleas for relief." *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992). And Rule 60(b) relief is "an extraordinary remedy" that is "granted only in exceptional circumstances." *York v. United States*,

55 F. Supp. 3d 1028, 1030 (N.D. Ill. 2014) (quoting *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006)).

None of these reasons apply in this case. Even giving Troupe the benefit of broadly construing his most recent motion as one under Rule 60(b), he did not assert a plausible habeas claim and he did not raise any of the issues in his habeas petition at any level of the state court system. *See Fieldman v. Brannon*, 969 F.3d 792, 800 (7th Cir. 2020); *Lewis v. Sternes*, 390 F.3d 1019, 1025–26 (7th Cir. 2004). Troupe's motion does not offer any facts that would fix these deficits.

Accordingly,

**IT IS HEREBY ORDERED** that Anthony Troupe's motion to amend order by assigned judge, ECF No. 9, is **DISMISSED without prejudice**.

Dated at Milwaukee, Wisconsin on April 19, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge